UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMOND EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV421-183 |
| | ) | |
| C.C.D.C., | ) | |
| | ) | |
| Respondents. | ) | |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Raymond Edwards has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. He has requested leave to proceed *in forma pauperis*. *See* doc. 3. It appears from his Motion that Edwards lacks the funds to pay the required filing fee. *See id.* at 1-2. His Motion is, therefore, **GRANTED**. Doc. 3. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Edwards' Petition states that he pleaded guilty in Chatham County Superior Court to theft by shoplifting, simple battery, possession of a "drug related object," and obstruction of an officer. Doc. 1 at 1. He was sentenced to five years of probation. *Id.* He did not appeal his conviction,

but did request relief from the Superior Court that he be permitted to "return back to the Atlanta area . . . ." *Id.* at 2. He alleges that he is subject to sex-offender registration requirements "since 1986," and those restrictions have prevented him from finding an affordable residence in the Savannah area. *Id.* at 3. The exact basis for his challenge to his Chatham County judgement is not entirely clear. *Id.* at 10. He seeks "credit for time served, suspend remaining probation[, and that this] Court order [him] to a men's recovery residential housing program in Georgia (Atlanta) Gainsville[,] Ga." *Id.* at 20.

First, Edwards' Petition does not sufficiently plead any ground for habeas relief. As the Supreme Court has explained, "[h]abeas petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c) . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Rules require that petitioners "state the facts supporting each ground," Rule 2(c)(2), Rules Governing Section 2254 Cases, and the defect in the state judgment must be "of constitutional dimension," *McFarland*, 512 U.S. at 861 (O'Conner, J., concurring). Edwards states, as the facts supporting his single ground, that "existing circumstances of past criminal history has hendered [sic] [him] establishing a constructive, productive

2

livelihood[.]" Doc. 1 at 10.  He also refers to difficulties arising from the COVID-19 pandemic that caused his homelessness.  *Id.*  He also complains about the "outdated" judicial system in Chatham County.  *Id.*  To the extent that his allegations are comprehensible, the Court can discern no allegation of a constitutional violation.

Even if the Court were able to discern the substance of Edwards' challenge more clearly, his Petition is subject to a more fundamental fatal defect.  Before seeking § 2254 relief petitioners must fairly present their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").  Edwards, by his own admission, has yet to do that.  *See* doc. 1 at 11 (indicating that he neither appealed his judgment nor raised the issue alleged in Ground One through any state post-conviction proceeding), 17 (indicating that the grounds raised have not been

3

presented to the highest state court, but "only county and state departments . . ."). He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[1]

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED without prejudice**. *See, e.g., Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

---

[1] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

      **SO REPORTED AND RECOMMENDED,** this 18th day of July, 2022.

/s/ Christopher L. Ray
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia